UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DEVIN HILLMAN et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN FEDERATION OF | ) | Civil Case No. 18-cv-999 |
| GOVERNMENT EMPLOYEES, AFL- | ) | |
| CIO et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ·) | |

## MEMORANDUM OPINION

This case pits two union members against their union's leadership. After former D.C.

employees Devin Hillman and Tara Blunt wrote a letter criticizing the president of the local

American Federation of Government Employees (AFGE) chapter, the union stripped their

membership, ejected them from officer positions, blocked them from future meetings, and

thwarted their participation in an upcoming election. So Hillman and Blunt sued, bringing three

claims under the Labor-Management Reporting & Disclosure Act, 29 U.S.C. §§ 411-503

(LMRDA), one claim under the Labor Management Relations Act, 29 U.S.C. §§ 141–197

(LMRA), and two claims under D.C. common law.

AFGE and its Local 2741 seek dismissal for lack of subject matter jurisdiction and for

failure to state a claim. The Court will grant the union's motion to dismiss for lack of subject

matter jurisdiction for one of Hillman and Blunt's LMRDA claims, for their LMRA claim, and

for their common law claims. But the Court will deny the union's motion to dismiss the

remaining two LMRDA claims since each states a legally sufficient claim properly before the

Court.

For their part, Hillman and Blunt ask the Court to reconsider its previous denial of a preliminary injunction. The Court declines.

## I.    BACKGROUND

After they were hired as assistant pool managers with D.C.'s Department of Parks and Recreation, Hillman and Blunt joined AFGE and Local 2741, which represents current and former D.C. government employees. Hillman was even elected chief shop steward. But the Department fired them for insubordination, leaving their membership in flux while they appealed to D.C.'s Office of Employment Appeals.

Hillman and Blunt attempted to pay dues while their appeals were pending. But Local 2741 president David Brooks refused to accept them. Compl. ¶¶ 29–32, 130.

Hillman and Blunt next contacted AFGE. National Vice President Eric Bunn responded and confirmed they could maintain Local 2741 membership pending their appeals if they paid dues, which Bunn agreed to accept directly (ordinarily, local chapters collect dues). *Id.* ¶ 33–37.

Regardless, Brooks refused to recognize Hillman and Blunt's membership. *Id.* ¶ 40. When Hillman and Blunt came to a meeting, Brooks called the police. *Id.* ¶ 44. And when the police refused to get involved, Brooks and two others canceled the meeting and fled the building. *Id.* ¶ 45. The remaining attendees reconvened the meeting, reinstated Hillman and Blunt, restored Hillman as chief shop steward, and made Blunt the interim secretary-treasurer. *Id.* ¶¶ 46–53. AFGE later suspended Brooks as local president in part because he "refus[ed] to acknowledge the membership of or accept dues tendered on behalf of Hillman and Blunt." AFGE named Barbara Jones the new local president. *Id.* at ¶ 59–58.

Hillman and Blunt's troubles persisted. When Blunt moved to appoint Hillman to serve out Jones's unexpired term as vice president, Jones refused to call a vote on the properly

2

seconded motion. *Id.* ¶ 81. After Jones refused to put other properly seconded motions to a vote, *id.* ¶ 84, Blunt wrote a letter criticizing her behavior. *Id.* ¶ 85. The letter vented that, despite Blunt's position as interim secretary-treasurer, Jones had not yet provided access to Local 2741's bank accounts. *Id.* ¶ 86. Blunt further accused Jones of being "dictatorial." *Id.* ¶ 87.

A few days later, Nate Nelson—the national representative for the AFGE district encompassing Local 2741—summarily removed Blunt from the secretary-treasurer role, calling her letter "unprofessional" and claiming her "attempt[] to appoint Devlin Hillman to the Vice President position without an election by the members" violated local bylaws. *Id.* ¶ 88. In response, Blunt objected to AFGE president J. David Cox that her removal violated the national and local constitutions. *Id.* ¶ 91. Cox never responded. *Id.*

Before the next meeting, Nelson notified the local executive committee that AFGE barred Hillman and Blunt from attending. *Id.* ¶ 92. Nelson also removed Hillman and Blunt from the local executive committee. *Id.* ¶ 93. But Nelson blinked after Hillman and Blunt's counsel warned that his actions could violate the LMRDA, permitting them to attend as partially reinstated members. *Id.* ¶ 95.

At the meeting, Jones announced that AFGE disavowed the minutes from the prior meeting, and thus the votes for Hillman as chief shop steward and Blunt as secretary-treasurer did not count. *Id.* ¶ 103. She claimed that AFGE instructed her to remove Hillman and Blunt from their officer positions as a result. *Id.* ¶ 98.

Blunt continued depositing her and Hillman's dues into Local 2741's bank account, even though she was no longer secretary-treasurer. *Id.* ¶ 107. With hours before the next general membership meeting, Nelson told Hillman and Blunt they could neither attend nor participate in the upcoming triennial elections because they had not paid dues to the local treasurer, an

executive officer, or the chapter's mailing address, as local policy required. *Id.* ¶ 110. When Hillman and Blunt protested, Nelson allowed them to prove they deposited their dues in the local's bank account. *Id.* ¶ 112. And Nelson retreated after Hillman and Blunt produced receipts, deeming them members in good standing. *Id.* ¶ 113–116. But he quickly reversed himself again, changing his mind after "additional research" and concluding Hillman and Blunt remained ineligible. *Id.* ¶ 117-118.

When Hillman and Blunt went to the meeting and tried to pay their dues, Jones claimed AFGE told her to remove them and to refuse their payment. *Id.* ¶ 121. And just before the election, Local 2741's Nominations Committee chair confirmed Hillman and Blunt could neither vote nor run for office. *Id.* ¶ 127.

*　　*　　*

Hillman and Blunt sued AFGE and Local 2741 with days before the election. Though untangling their complaint takes work, the Court can tease out six different claims for relief:

1. that taking adverse actions against Hillman and Blunt without requisite process violated the LMRDA ("the process claim");

2. that taking adverse action against Hillman and Blunt for criticizing Jones violated the LMRDA ("the retaliation claim");

3. that barring Hillman and Blunt from the chapter election violated the LMRDA ("the election claim");

4. that taking adverse action against Hillman and Blunt without requisite process breached each organization's shared duty of good faith under the LMRA ("the LMRA claim");

4

5. that taking adverse action against Hillman and Blunt without requisite process breached both the union's constructive contract with its members and also the duty of good faith and fair dealing imposed under D.C. common law ("the breach-of-contract claim"); and

6. that the union defamed Hillman and Blunt under D.C. common law ("the defamation claim").

Hillman and Blunt also sought to enjoin the election. In the alternative, if the union held the election before the Court could intervene, Hillman and Blunt sought to nullify its outcome.

Ruling after the election, the Court declined to unwind the results, holding union members disputing prior elections must pursue the administrative remedy under Title IV of the LMRDA. The Court further observed Hillman and Blunt failed to demonstrate a likelihood of irreparable harm for their remaining claims.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a case if its complaint fails "to state a claim upon which relief can be granted." But in assessing the sufficiency of a complaint, the Court must treat its factual allegations as true and grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979).

An accompanying motion to dismiss for lack of subject matter jurisdiction poses an additional hurdle, since the Court must verify its authority to even consider the complaint. *See U.S. Ecology, Inc. v. U.S. Dep't of Interior*, 231 F.3d 20, 24 (D.C. Cir. 2000). If the plaintiff fails to meet his burden of establishing the Court's jurisdiction, his case ends there.

### III.  ANALYSIS

#### a.  The Court will grant-in-part and deny-in-part the unions' motion to dismiss for lack of subject matter jurisdiction.

Because the union's motion to dismiss for lack of subject matter jurisdiction questions

the Court's "power to consider [the] case," *Kaplan v. Cent. Bank of the Islamic Republic of Iran*,

896 F.3d 501, 510 (D.C. Cir. 2018), the Court begins there. The Court concludes it has

jurisdiction over Hillman and Blunt's process and retaliation claims. But the Court lacks

jurisdiction over their election claim, since Title IV of the LMRDA divests the Court's power to

hear claims challenging prior elections. The Court further determines Hillman and Blunt lack

standing to bring their LMRA claim. And the Court finds D.C. law preempts Hillman and

Blunt's breach-of-contract and defamation claims. So the Court will grant the unions' motion to

dismiss Hillman and Blunt's election, LMRA, contract, and defamation claims.

##### i.  The Court has jurisdiction over Hillman and Blunt's process and retaliation claims because the LMRDA applies and provides federal jurisdiction.

Hillman and Blunt properly invoke this Court's jurisdiction under 28 U.S.C. § 1331

because they have rights under the LMRDA, a federal statute. The union tries to argue otherwise

for two reasons: First, it contends the LMRDA should not apply since Local 2741 represents

only current or former government employees, and the LMRDA's definition of "employer"

specifically excludes federal, state, and local governments. *See* 29 U.S.C. § 402(e). Alternatively,

it claims D.C.'s Comprehensive Merit Personnel Act, D.C. Code §§ 1-604.01 *et seq.* (CMPA),

preempts federal claims under the LMRDA. Both arguments fail.

First, the LMRDA applies to Local 2741. A local union representing only government

employees falls under the LMRDA as long as its parent union represents both public and private

sector workers. *See Wildberger v. Am. Fed'n of Gov't Emps.*, 86 F.3d 1188, 1192-93 (D.C. Cir. 1996). AFGE represents both public and private employees, so the LMRDA protects Local 2741, even though Local 2741 represents only public employees.

Second, Hillman and Blunt's process and retaliation claims properly belong in federal court. Title I of the LMRDA—the statute's Bill of Rights—"protects equal voting rights, freedom of speech[,] and [freedom] of assembly." *Mallick v. Int'l Bhd. of Elec. Workers*, 749 F.2d 771, 777 (D.C. Cir. 1984) (internal citations omitted). And 29 U.S.C. § 412 provides a federal cause of action when employers infringe those rights, as Hillman and Blunt claim the union did here. Additionally, this action remains available even if local or state laws provide other procedures or limitations on relief. *See Int'l Bhd. of Boilermakers v. Hardeman*, 401 U.S. 233, 241 (1971); *see also Quinn v. DiGiulian*, 739 F.2d 637, 643 (D.C. Cir. 1984). So Hillman and Blunt may seek relief under the LMRDA despite the CMPA.

### ii. The Court lacks jurisdiction over Hillman and Blunt's election claim because Title IV of the LMRDA provides the exclusive means to challenge prior elections.

As the Court held when it denied plaintiffs' preliminary injunction, the Court cannot hear Hillman and Blunt's claim challenging an already conducted union election. Hillman and Blunt can only challenge the prior election under Title IV of the LMRDA.

Although Title I of the LMRDA enumerates members' rights, Title IV "specifically regulates the conduct of elections for union officers." *Local No. 82 v. Crowley*, 467 U.S. 526, 539 (1984). And Title IV provides the exclusive remedy for those claims, allowing members to file a complaint with the Secretary of Labor challenging the election results. If the Secretary concludes the union violated Title IV, he may sue the union. *See Calhoon v. Harvey*, 379 U.S. 134, 296 (1964). But as a result—and as Hillman and Blunt conceded in their earlier motion for a

preliminary injunction—a federal court cannot adjudicate claims by individual members

"brought after a completed union election that, in substance, seek to challenge the election

itself." Mem. Supp. Pls.' Mot. Prelim. Inj. 10, ECF No. 2-5; *see also Crowley*, 467 U.S. at 550.

That concession remains true, and directs the result here. Local 2741 held its election

several business hours after Hillman and Blunt filed their complaint, a day before Hillman and

Blunt served process. And Hillman and Blunt must seek relief under Title IV since the election

has passed. The Court lacks subject matter jurisdiction over Hillman and Blunt's election claim.

### iii. Hillman and Blunt cannot vindicate their personal rights under the LMRA.

Unlike the LMRDA, which protects union members' rights, the LMRA regulates conduct

"between an employer and a labor organization representing employees . . . or between any such

labor organizations." 29 U.S.C. § 185(a). Claims of the latter variety arise when a local union

claims its parent union violated the union constitution. *See, e.g., United Ass'n of Journeymen &*

*Apprentices of Plumbing & Pipefitting Indus. v. Local 334*, 452 U.S. 615, 619-27 (1981).

But a local chapter may be unwilling to sue their parent union. So the Supreme Court lets

individual members assert claims under § 185(a) to vindicate their local union's rights. *See*

*Wooddell v. Int'l Bhd. of Elec. Workers, Local 71*, 502 U.S. 93, 101 (1991).

Yet here, Hillman and Blunt invoke § 185(a) to assert claims in their personal capacity.

Indeed, Hillman and Blunt actually employ § 185(a)'s authorization for suits "between . . . labor

organizations" to sue both AFGE and Local 2741 for removing Hillman and Blunt from office

without the required process. But § 185(a) does not confer standing on individual members to

advance wholly personal claims (which instead fall within the LMRDA). So the Court lacks

jurisdiction over Hillman and Blunt's LMRA claim.

### iv. The CMPA preempts Hillman and Blunt's defamation and breach-of-contract claims.

The union continues to argue the CMPA preempts Hillman and Blunt's claims. At least for their defamation and breach-of-contract claims, the argument hits the mark: D.C.'s statutory relief precludes Hillman and Blunt's D.C. common law claims.

"With few exceptions, the CMPA is the exclusive remedy for a District of Columbia public employee who has a work-related complaint of any kind." *Robinson v. District of Columbia*, 748 A.2d 409, 411 (D.C. 2000). In other words, if the CMPA provides specific redress, the employee "lose[s his] common law rights of recovery." *Newman v. District of Columbia*, 518 A.2d 698, 704-05 (D.C. 1986); *see also Thompson v. District of Columbia*, 428 F.3d 283, 288 (D.C. Cir. 2005) (noting the CMPA's preclusive effect is jurisdictional).

Here, the CMPA provides redress for Hillman and Blunt's defamation and breach-of-contract claims. *See Baker v. District of Columbia*, 785 A.2d 696, 698 (D.C. 2001) (defamation); *Wilson v. District of Columbia*, 608 A.2d 161, 161 (D.C. 1992) (breach-of-contract). Thus, since the CMPA preempts Hillman and Blunt's claims under D.C. common law, the Court lacks supplemental jurisdiction over them.

### b. The Court will deny the union's motion to dismiss Hillman and Blunt's remaining claims as legally insufficient.

The union fights Hillman and Blunt's surviving claims on two fronts: First, that Hillman and Blunt fail to state a claim against AFGE because they do not identify any improper actions by the parent union. Second, that Hillman and Blunt cannot invoke the LMRDA because they cannot show they were members in good standing.

Neither warrants dismissal. Hillman and Blunt's surviving claims properly assert claims against AFGE by alleging AFGE's close ties to the adverse actions against Hillman and Blunt.

And because the union did not follow the procedures its own constitution requires before

expelling Hillman and Blunt, it cannot now avoid liability by disavowing their membership.

### i. Hillman and Blunt's process and retaliation claims properly name AFGE as defendant.

AFGE tries ducking Hillman and Blunt's claims by claiming its limited involvement in

the alleged wrongdoing lacks the active participation necessary to hold a parent union liable for

its local chapter's actions. But the Complaint does not support AFGE's story. Hillman and

Blunt's pleadings suffice to hold AFGE liable for the alleged wrongdoing.

"It has long been established that a collective entity, including a labor organization, 'may

only be held responsible for the authorized or ratified actions of its officers and agents.'" *Berger*

*v. Iron Workers Reinforced Rodmen Local 201*, 843 F.2d 1395, 1427 (D.C. Cir. 1988) (quoting

*Shimman v. Frank*, 625 F.2d 80, 95 (6th Cir. 1980)). So holding a parent union responsible for a

local chapter's actions requires alleging the parent union "'instigated, supported, ratified, or

encouraged' those actions, or 'that what was done was done by their agents in accordance with

their fundamental agreement of association.'" *Id.* (citation omitted) (quoting *Carbon Fuel Co. v.*

*United Mine Workers*, 444 U.S. 212, 217-18 (1979)).

The complaint shows AFGE (at least) "instigated, supported, ratified, or encouraged"

Local 2741's actions against Hillman and Blunt: Nate Nelson, a national representative, removed

Blunt as secretary treasurer without Local 2741's input. Compl. ¶ 88. Nelson informed the local

Executive Committee itself that AFGE prohibited Hillman and Blunt from attending the next

membership meeting. *Id.* ¶ 92. Nelson also told Hillman and Blunt that AFGE—not Local

2741—would "render a final decision on the full reinstatement membership for Mr. Devlin [sic]

and Ms. Blunt." *Id.* ¶ 95. And *AFGE* informed Hillman and Blunt they could not participate in

the upcoming election. *Id.* ¶ 117–118. What's more, the local president claimed AFGE National

"directed" her to remove Hillman and Blunt from their posts. *Id.* ¶ 98. Taken together, these actions support Hillman and Blunt's theory that AFGE at least "instigated, supported, ratified, or encouraged" the adverse actions taken against them. Hillman and Blunt's process and retaliation claims properly name AFGE.

### ii. The LMRDA still protects Hillman and Blunt because Local 2741 did not follow its own constitution's requirements to expel them.

The union further argues Hillman and Blunt's claims should be dismissed since they cannot establish they were members in good standing. Accordingly, under the union's theory, Hillman and Blunt have no LMRDA rights.

The LMRDA defines a member in good standing as "any person who has fulfilled the requirements for membership in such organization, and who neither has withdrawn from membership nor has been expelled or suspended from membership after appropriate proceedings consistent with lawful provisions of the constitution and bylaws of such organization." 29 U.S.C. § 402(o).

So the Court looks to the union's constitution and bylaws to determine specific membership requirements. The AFGE National Constitution provides that "all employees . . . of the District of Columbia . . . are eligible for membership in this Federation," and that "any person separated for unjust cause from employment . . . who was a member in good standing in any local may retain membership in the local." AFGE Const. art. III, § 1(b)–(c), ECF No. 11-3. The union concedes Hillman and Blunt remained eligible for membership while appealing their terminations. *See* Defs.'s Mot. Dismiss 33, ECF No. 11.

The only other apparent membership obligation is paying dues. A member "may be dropped with reasonable notice if dues are not paid by Tuesday of the last full work week of the month." Local 2741 Const. art. III, § 2(g). The Court holds, consistent with prior cases, *e.g.*,

11

*Solis v. Am. Fed'n of Gov't Emps.*, 763 F. Supp. 2d 154, 162-63 (D.D.C. 2011) (Bates, J.), this means that although Local 2741 need not hold a formal hearing to expel a delinquent dues member, it must provide the member with notice and the opportunity to correct the delinquency before disavowing their membership.

According to the complaint, the union never provided this reasonable notice before expelling Hillman and Blunt. At no point did the union inform Hillman and Blunt of their delinquency before it took an adverse action; at most, the union justified its actions against Hillman and Blunt by simultaneously citing the local dues delinquency policy. In other words, Local 2741 did not follow the required procedures to rescind Hillman and Blunt's membership.

The union claims Hillman and Blunt "received constructive notice that they were in arrears" when they tried to pay their dues and Local 2741 refused to accept payment. But even if Local 2741 can force its members into deficiency by refusing their payments, it would only strengthen Hillman and Blunt's claims, since they would then obviously lack an opportunity to cure the defect.

In sum, Local 2741 did not follow the procedures its own constitution requires before ejecting its members. And the union may not sidestep its own constitution to strip Hillman and Blunt's membership and skate their statutory rights. The LMRDA protects Hillman and Blunt.

### c. The Court declines reconsidering its preliminary injunction.

Hillman and Blunt ask the Court to reconsider its May 24, 2018 order for two reasons. Neither is persuasive.

First, Hillman and Blunt argue the Court should reconsider their request to enjoin the election because they sued before the election began. But as explained in this Court's prior opinion (and reiterated in subsection III.a.ii of this Opinion), Hillman and Blunt are wrong on the

law. An administrative claim under Title IV of the LMRDA provides the exclusive avenue for Hillman and Blunt to challenge a concluded election. *See also Crowley*, 467 U.S. at 527 ("[I]f the remedy sought is invalidation of an election already being conducted . . . union members must utilize the remedies provided by Title IV."). It does not matter when Hillman and Blunt moved for injunctive relief, only that the election is now complete. And since this election already happened, the Court cannot grant relief.

Second, Hillman and Blunt claim the Court failed to consider a preliminary injunction for their other claims. But the Court did, quite explicitly: "To the extent that other claims unrelated to the election survive, the plaintiffs have failed to demonstrate the threat of irreparable harm in the absence of injunctive relief from this Court." Mem. Order 4, ECF No. 12. Their motion for reconsideration did not attempt to demonstrate a threat of irreparable harm, either. So the Court doubly declines revisiting its earlier order.

## IV. CONCLUSION

The Court will grant the union's motion to dismiss for lack of subject matter jurisdiction for Hillman and Blunt's election, LMRA, defamation, and breach-of-contract claims. But the Court will deny the motion in all other respects. The Court will also deny Hillman and Blunt's motion to reconsider its prior denial of a preliminary injunction. A separate order follows.

Date: January 28 2019

_____

Royce C. Lamberth
United States District Judge