**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEVLIN HILLMAN, *et al.*, *Plaintiffs,* v. AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.*, *Defendants.* | Case No. 1:18-cv-999 (RCL) |

**MEMORANDUM OPINION**

This case comes before the Court on defendants' Motion for a Finding of Contempt, Further Sanctions, and Dismissal (ECF No. 65). Upon consideration of defendants' motion, plaintiffs' opposition (ECF No. 66), and defendants' reply (ECF No. 70), the Court will **GRANT** defendants' motion to the extent it seeks a finding of contempt and further sanctions and **DENY** the motion to the extent it seeks immediate dismissal. Should plaintiffs fail to comply with the Court's Memorandum Opinion and accompanying Order within thirty days, the Court will dismiss the suit with prejudice.

**I. BACKGROUND**

As the facts of this case are set forth in the Court's June 29, 2020 Memorandum Opinion denying both parties' summary judgment motions, the Court will provide only the facts relevant to the instant motion. *See Hillman v. Am. Fed'n of Gov't Emps.*, No. 1:18-cv-999-RCL, 2020 WL 3498587 (D.D.C. June 29, 2020). Defendants' Motion for a Finding of Contempt, Further Sanctions, and Dismissal (ECF No. 65) comes on the heels of three earlier motions for sanctions against plaintiffs, each of which was granted. *See* ECF Nos. 22, 31 & 48 (motions); ECF Nos. 26,

37 & 62 (orders). The circumstances warranting the Court's earlier orders provide necessary context for defendants' instant motion.

## A.     First Sanctions Order

The parties initially agreed to serve written discovery by May 30, 2019 and to conduct depositions between October 1, 2019 and October 31, 2019. ECF No. 20. Based on that schedule, the Court initially set the close of discovery for late November 2019. ECF No. 21.

By mid-October, defendants still had not received plaintiffs' responses to the interrogatories, requests for admission, and requests for documents defendants timely submitted four months earlier. ECF No. 22-1 at 4. Defendants thus moved to compel plaintiffs' responses and sought sanctions for plaintiffs' failure to timely respond. ECF No. 22. Five days later, plaintiffs moved for a six-month extension of the deadline to serve their discovery requests and to answer defendants' requests. ECF No. 23.

The Court declined plaintiffs' invitation. ECF No. 26. Instead, it granted defendants' motion to compel and ordered plaintiffs to respond to the interrogatories and document requests by December 12, 2019. *Id.*[1] The Court also ordered plaintiffs to pay defendants $2,000 in attorney's fees and costs for moving to compel plaintiffs' discovery responses. *Id.*

Plaintiffs' counsel, Ms. Marlene Morten, filed an emergency motion for reconsideration of the Court's Order ("First Sanctions Order"). ECF No. 27. In it, she blamed plaintiffs' failure to timely respond to defendants' discovery requests on her work for another case against the same defendant. *Id.* She also explained that the Court's December 12, 2019 deadline for plaintiffs' discovery responses was inconvenient because she would be traveling on vacation from mid-November until after the new year. *Id.* The Court denied plaintiffs' motion. ECF No. 29.

---

[1] The Court deemed the matters in defendants' requests for admission admitted per Federal Rule of Civil Procedure 36(a)(3). ECF No. 26 at 2.

**B.     Second Sanctions Order**

The December 12, 2019 deadline came and went without plaintiffs' response to defendants' discovery requests. ECF No. 31 at 1. On December 21, more than a week after the Court's deadline, Ms. Morten sent plaintiffs' unsigned interrogatory responses to defendants. ECF No. 31-1 at 13. She informed defendants' counsel that she would provide the signed interrogatory responses and respond to defendants' document requests by December 31. ECF No. 31-2. Ms. Morten again blamed the delay on her travel schedule. *Id.*

On December 24, 2019, Defendants filed their second motion for sanctions. ECF No. 31. Ms. Morten filed a late opposition on January 6, 2020. ECF No. 32. The Court again granted defendants' request and ordered plaintiffs to "pay attorney's fees and court costs to defendants for the filing of defendants' [second] motion for sanctions." ECF No. 37.

Although plaintiffs eventually paid the $2,000 in attorney's fees ordered by the Court's First Sanctions Order, Ms. Morten refused to comply with the Second Sanctions Order. ECF No. 48-5 at 2. In April 2020, defendants contacted Ms. Morten to request $6,051.95 in attorney's fees pursuant to the Court's Second Sanctions Order. *Id.* at 1. Apparently equating the First Sanctions Order with the Second Sanctions Order, Ms. Morten responded that plaintiffs already paid $2,000 in attorney's fees and would not pay a penny more. *Id.* at 2.

When defendants' counsel explained to Ms. Morten that the Court issued two separate sanctions orders, she again repeated that plaintiffs had already paid $2,000 and would not make any further payments. ECF No. 48-5 at 5–6. After defendants' counsel sent three more emails explaining that the $2,000 satisfied only the first order but not the second, Ms. Morten dug her

heels in, demanded that defendants produce a copy of defendants' second motion for sanctions,[2] and refused to pay any further sums. ECF No. 48-5 at 14, 20, 27 & 33.

### C. Third Sanctions Order

Unable to secure compliance with the Court's Second Sanctions Order, defendants filed a third motion for sanctions on April 17, 2020. ECF No. 48. In response, Ms. Morten argued that plaintiffs have "complied with the Court's Order by paying the $2,000 that [defendants] demanded." ECF No. 54 at 3. She added that plaintiffs cannot afford to pay any additional fees. *Id.*

The Court rejected as frivolous plaintiffs' theory that paying the $2,000 demanded by the First Sanctions Order excused plaintiffs from complying with the Second Sanctions Order. ECF No. 62. The Court thus ordered plaintiffs to pay defendants $6,501.95 in attorney's fees and costs as requested by defendants pursuant the Court's Second Sanctions Order. *Id.*; *see* ECF No. 48-5 at 1. It further ordered plaintiffs to pay "attorney's fees and court costs to [d]efendants for the work performed in obtaining compliance with the January 14, 2020 Order [the Second Sanctions Order]." ECF No. 62. The Court gave plaintiffs until July 29, 2020 to pay both sums. *Id.*

### D. The Instant Motion for Further Sanctions, Contempt, and Rule 41(b) Dismissal

This brings us to defendants' fourth motion for sanctions (ECF No. 65) the motion presently before the Court. In late June, defendants contacted Ms. Morten to request the fees awarded in the Court's Third Sanctions Order. ECF No. 65-2. In addition to the unpaid sum of $6,051.95 from the Court's Second Sanctions Order, defendants further requested $5,908.10 from

---

[2] This request is puzzling. Ms. Morten was certainly familiar with defendants' second motion for sanctions since she opposed that motion. *See* ECF No. 32.

4

filing their third motion for sanctions. *Id.* This brought the total to $11,960.05 in attorney's fees and costs. *Id.*

On July 31, 2020, two days after the Court's deadline for payment, Ms. Morten emailed defendants' counsel to request a payment plan for plaintiffs. ECF No. 65-4. She added that "[plaintiffs] have both advised me that they are unable to pay the attorney's fees in full at this time." *Id.* Defendants' counsel refused to accommodate plaintiffs' request, reasoning that counsel made no effort to contact defendants or comply with the Court's order before the deadline. ECF No. 65-5.

On August 3, 2020, defendants filed their Motion for a Finding of Contempt, Further Sanctions, and Dismissal (ECF No. 65). Citing plaintiffs' failure to comply with the Court's Second and Third Sanction Orders, defendants ask the Court to hold plaintiffs in contempt, dismiss the complaint under Federal Rule of Civil Procedure 41(b), and order plaintiffs to pay attorney's fees and costs associated with filing the motion. ECF No. 65.

In response, Ms. Morten labels defendants' refusal to allow a payment plan "inconceivable" and evidence of their "hardheartedness." ECF No. 66 at 3. She claims that neither plaintiff can afford to pay any additional fees due to the financial hardships brought by the COVID-19 pandemic. *Id.* at 1. Ms. Morten also argues that defendants have unclean hands because they failed to conduct all depositions by the parties' original deadline. *Id.* at 3.

Defendants' motion is ripe and ready for the Court to consider.

## II. DISCUSSION

For the reasons explained below, the Court will hold plaintiffs in civil contempt for failing to comply with the Court's Third Sanctions Order. Due to plaintiffs' unexcused noncompliance with the Second and Third Sanctions Orders, the Court will also order plaintiffs to pay defendants'

attorney's fees and costs incurred when filing the instant motion (ECF No. 65). Should plaintiffs fail to provide the Court with proof of compliance with this Memorandum Opinion and accompanying Order within thirty days, the Court will dismiss the suit with prejudice.

### A.    The Court Will Hold Plaintiffs in Civil Contempt

The Court has the inherent power to enforce its orders by holding a disobeying party in contempt. *Broderick v. Donaldson*, 437 F.3d 1226, 1234 (D.C. Cir. 2006). As the party seeking a finding of civil contempt, defendants must show by clear and convincing evidence that plaintiffs did not comply with an unambiguous court order requiring them to take a specific action. *See id.* Defendants have done just this.

The Court's Third Sanctions Order clearly and unambiguously directed plaintiffs to take a specific action. The Court ordered plaintiffs to comply with its "January 14, 2020, Order [the Second Sanctions Order] and pay defendants $6,051.95 in attorney fees for work performed on their December 24, 2019, Motion for Sanctions and related filings." ECF No. 62. And the Court specified that "[t]his Order shall be paid within 30 days of this date if the plaintiffs are going to continue litigating in this Court." *Id.*

This Order left no room for confusion. It provided an amount owed ($6,051.95) and a deadline for performance (thirty days from June 29, 2020). ECF No. 62. In fact, plaintiffs do not argue that the Third Sanctions Order was unclear. *See generally* ECF No. 66. Defendants have thus shown by clear and convincing evidence that there was an unambiguous court order directing plaintiffs to take a specific action.

Defendants have also shown by clear and convincing evidence that plaintiffs did not comply with the Third Sanctions Order. In fact, plaintiffs admit that they have not paid any fees beyond the $2,000 ordered in the First Sanctions Order. ECF No. 66 at 1–2.


Because the Court finds by clear and convincing evidence that plaintiffs failed to comply with the Third Sanctions Order, it will hold plaintiffs in civil contempt. *See Broderick*, 437 F.3d at 1234. Plaintiffs shall remain in contempt of court until they comply with the Third Sanctions Order by paying defendants $11,960.05 in costs and fees. *See* ECF Nos. 62 & 65-2.

**B.     Plaintiffs' Counsel's Conduct Warrants Dismissal**

Defendants also ask the Court to dismiss the suit as a sanction for plaintiffs' refusal to comply with the Court's Third Sanctions Order. ECF No. 65 at 5–6. Before imposing the harsh sanction of dismissal, the Court will give plaintiffs one final opportunity to comply. Should plaintiffs fail to comply with this Memorandum Opinion and accompanying Order within thirty days, the Court finds that dismissal with prejudice is warranted.

Under Federal Rule of Civil Procedure 41(b)—and the Court's inherent authority to protect its integrity—the Court may dismiss a suit if the plaintiff fails to comply with a court order. Fed. R. Civ. P. 41(b); *Butera v. District of Columbia*, 235 F.3d 637, 661 (D.C. Cir. 2001). Before doing so, the Court must consider lesser sanctions. *Webb v. District of Columbia*, 146 F.3d 964, 972 (D.C. Cir. 1998). For the harsh sanction of dismissal is appropriate only when other sanctions would be ineffective. *Id.*

The D.C. Circuit has identified three justifications for dismissal as a sanction: First, the plaintiff's actions prejudiced the defendant to the extent that it would be unfair to require the defendant to proceed with the case. *Webb*, 146 F.3d at 971. Second, the plaintiff's misconduct placed a severe burden on the judicial system that cannot be remedied by lesser sanctions. *Id.* Third, the court finds a need to sanction and deter misconduct by an attorney or party that disrespects the court. *Id.*; *accord Gardner v. United States*, 211 F.3d 1305, 1309 (D.C. Cir. 2000).

The Court finds the third justification present here. Though inconvenient, plaintiffs' refusal to pay defendants' attorney's fees does not prejudice defendants to the extent necessary to warrant dismissal. *See Webb*, 146 F.3d at 971. Nor does plaintiffs' noncompliance place a burden on the Court's administration of its docket. *See id.* Yet given Ms. Morten's patent disregard for the Court's orders, the Court finds that dismissal with prejudice is necessary to sanction her disrespectful conduct and deter similar conduct in the future.

Ms. Morten "consciously fail[ed] to comply" with the Second and Third Sanctions Orders despite being "cognizant of the drastic ramifications" of noncompliance. *Gardner*, 211 F.3d at 1309. When defendants contacted Ms. Morten to request attorney's fees pursuant to the Second Sanctions Order, Ms. Morten insisted that her clients' payment of the $2,000 awarded in the First Sanctions Order sufficed. ECF No. 48-3. As any competent attorney would recognize, this justification for noncompliance was utterly baseless.

Ms. Morten's refusal to comply with the Third Sanctions Order shows an even greater disrespect for the Court. After defendants contacted Ms. Morten to request fees pursuant to the Third Sanctions Order, Ms. Morten waited until two days *after* the payment deadline to email defendants and request a payment plan for plaintiffs. *See* ECF No. 65-4. She gave no reason justifying her late response, nor did she indicate that she was unaware of the Third Sanctions Order. *See id.* By treating the Court's deadline as a mere suggestion, Ms. Morten's conduct evinces a total disregard for the Court's authority.

Further, dismissal is warranted because lesser sanctions have proven ineffective. *See Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990). In its Second Sanctions Order, the Court admonished plaintiffs for failing to timely respond to defendants' discovery requests and ordered plaintiffs to pay defendants' attorney's fees as a sanction. ECF No. 37. When

8

Ms. Morten indicated that plaintiffs would not pay the $6,051.95 in costs and fees requested, the Court again ordered plaintiffs to pay and imposed further sanctions. ECF No. 62. But plaintiffs did not comply. After twice ordering plaintiffs to pay attorney's fees as a sanction, the Court finds that imposing additional fees would be futile. Thus, dismissal is warranted should plaintiffs fail to comply with this Memorandum Opinion and accompanying Order within thirty days.

In plaintiffs' defense, Ms. Morten argues that plaintiffs are unable to pay any additional fees because of the financial hardships brought by the COVID-19 pandemic. ECF No. 66. Yet she provides no financial records or any other evidence to substantiate this claim. *See generally* ECF No. 66. At minimum, Ms. Morten should have provided the Court with affidavits from both plaintiffs or a statement of plaintiffs' assets and liabilities. In the absence of this evidence, the Court cannot accept Ms. Morten's bald assertion that plaintiffs lack the means to pay additional fees.

Furthermore, Ms. Morten's representation to the Court that plaintiffs' noncompliance is due to the COVID-19 pandemic is frivolous on its face. Though the financial hardships caused by the COVID-19 pandemic may have made it difficult for plaintiffs to comply with the Third Sanctions Order (issued June 29, 2020), the Court issued its Second Sanctions Order on January 14, 2020, two months before the pandemic caused an economic downturn in the United States. *See* ECF No. 37.

Ms. Morten also argues that defendants failed to timely conduct depositions by October 31, 2019 and thus have unclean hands. ECF No. 66 at 3. Yet by October 11, 2019, plaintiffs had not responded to the interrogatories, requests for admission, and requests for documents that defendants timely submitted *four months* earlier. ECF No. 22. Ms. Morten acknowledges this failure to timely respond to defendants' discovery requests but argues that it "does not excuse

[d]efendants from being required to obey the deadlines set forth in the parties' Joint Disclosure Statement." ECF No. 66 at 3. This argument cannot have been made in good faith.

It is not lost on the Court that plaintiffs' suit may be dismissed due to their counsel's carelessness. Though unfair, this does not make dismissal unjust. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962) ("There is certainly no merit to the contention that dismissal of [the client's] claim because of his counsel's unexcused conduct imposes an unjust penalty on the client."). Nevertheless, the Court trusts that Ms. Morten will consider the effect her actions have on her clients.

### III. CONCLUSION

In sum, the Court will hold plaintiffs in civil contempt for failing to comply with the Court's Third Sanctions Order (ECF No. 62). Plaintiffs shall remain in contempt of court until they comply with the Third Sanctions Order by paying defendants $11,960.05 in costs and fees. *See* ECF Nos. 62 & 65-2. Additionally, due to plaintiffs' unexcused noncompliance with the Second and Third Sanctions Orders, the Court will order plaintiffs to pay defendants' attorney's fees and costs incurred when filing the instant motion (ECF No. 65). Should plaintiffs fail to provide proof of compliance with this Memorandum Opinion and accompanying Order within thirty days, the Court will dismiss the suit with prejudice.

Date: September 28, 2020

Hon. Royce C. Lamberth
United States District Judge