UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**DEVLIN HILLMAN**, *et al.*,

  *Plaintiffs,*

v.

                **Case No. 1:18-cv-999-RCL**

**AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES**, *et al.*,

  *Defendants.*

## MEMORANDUM OPINION

Plaintiffs Devlin Hillman and Tara Blunt sued two defendants—the American Federation of Government Employees ("AFGE") and Local 2741—for violations of the Labor-Management Reporting and Disclosure Act of 1959. ECF No. 1 On December 8, 2021, the Court set this case for a jury trial to begin on May 23, 2022. ECF No. 78. To accommodate this schedule, the Court ordered the parties to file motions in limine by April 1, 2022, and pretrial statements, joint proposed jury instructions, and proposed voir dire questions by May 5, 2022. *Id.*

On April 1, 2022, defendants timely filed their motion in limine. ECF No. 79. Plaintiffs did not. On May 5, 2022, on or about 6:00 p.m. EST, defendants filed their pretrial statement. This filing included defendants' statement of the case, their theory of defenses, their list of exhibits and their witness schedule. ECF No. 81. Approximately twenty minutes later, plaintiffs moved to continue the trial date due to an "unexpected medical emergency"—their counsel's vision impairment. ECF No. 82.

Defendants then moved to dismiss plaintiffs' case with prejudice and for monetary sanctions based on plaintiffs' failure to meet their pretrial obligations. Defs.' Mot. to Dismiss ("Defs.' Mot.") 1, ECF No. 84. Plaintiffs oppose this motion and cross-move for sanctions

1

regarding mediation. Pls.' Opp'n, ECF Nos. 85 & 86. Defendants filed a response. Defs.' Reply, ECF No. 88. Upon consideration of the record, relevant case law, and the parties' filings, the Court will **GRANT** defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 16(f) and **ORDERS** plaintiffs' counsel to pay defendants' reasonable expenses.

## I.    BACKGROUND

The Court assumes familiarity with the factual backgrounds of this case from its memorandum decision denying cross-motions for summary judgment. *Hillman v. Am. Fed'n of Gov't Emps.*, No. 1:18-cv-999 (RCL) 2020 WL 3498587 (D.D.C. June 29, 2020). More relevant here is the procedural background—specifically, plaintiffs' repeated noncompliance with this Court's orders.

Four times now, this Court has sanctioned plaintiffs. *See* ECF Nos. 26, 37, 62, & 72. The Court's first order granting sanctions arose from plaintiffs' failure to respond to interrogatories. ECF No. 26. The Court granted sanctions to defendants a second time after plaintiffs, again, failed to respond to the same interrogatories. ECF No. 37. Plaintiffs' counsel then complied with the first sanctions order, but failed to comply with the second order and pay required attorneys' fees— so, this Court awarded sanctions to the defendants for a third time. ECF No. 62. Plaintiffs' counsel missed the deadline for payment on this third sanctions award, too. *See Hillman v. Am. Fed'n of Gov't Emps.*, No. 1:18-cv-999 (RCL) 2020 WL 5763580, at *2 (D.D.C. Sept. 28, 2020). This repeated non-compliance spurred defendants to move for a civil-contempt finding and for dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. ECF No. 65. The Court found plaintiffs in civil contempt and noted that it *would* be justified in imposing the "harsh sanction of dismissal" under Rule 41(b) based on plaintiffs' repeated misconduct. *Hillman*, 2020 WL 5763580, at *4. However, the Court decided at that time to give plaintiffs one "final opportunity

2

to comply" with its sanctions orders and pay the outstanding fees and costs. *Id.* After being given this final chance, plaintiffs complied. ECF No. 77.

With discovery finally resolved, this Court held a status conference in December 2021 and set this case for trial. *See* 12/08/2021 Min. Entry; ECF No. 78. The Court also referred the case to mediation. *Id.* Two other deadlines were imposed: motions in limine were due by April 1, 2022, and pretrial submissions were due by May 5, 2022. *Id.* A pretrial conference was set for May 16, with trial to begin on May 23. *Id.*

Plaintiffs blew past the motion-in-limine deadline and filed nothing. *Id.* When pretrial statements were due on May 5, 2022, defendants filed theirs alone after realizing that plaintiffs would not cooperate and that filing a joint statement would be impossible. ECF No. 81. And then, twenty minutes after defendants filed their pretrial statement, plaintiffs moved to continue the trial date. ECF No. 82.

In their motion to continue the trial date, plaintiffs explained that their counsel, Ms. Marlene "Kemi" Morten, underwent retinal surgery that "left her vision impaired and required 90 days of recovery." ECF No. 82 at 1. The first surgery took place on February 21, 2022. *Id.* Plaintiffs represented that Ms. Morton's ophthalmologist determined on May 4, 2022 that "her vision impairment continue[d]" and that she would need to undergo two additional eye surgeries, one on June 1, 2022 and one 60 days after that. *Id.* Plaintiffs thus requested that the Court continue the trial date until October 26, 2022. *Id.* Plaintiffs did not, however, request an extension to file the motions in limine or the pretrial statement. In response, defendants moved to dismiss the case pursuant to Rule 16(f) for failure to comply with that pretrial order. Defs.' Mot. 1.

At the (previously scheduled) pretrial conference on May 16, the Court heard argument regarding both the motion to continue and the motion to dismiss. *See* Transcript, ECF No. 87.

After being placed under oath, plaintiffs' counsel explained that her "retina detached unexpectedly" in February and she had to have an emergency vitrectomy. Transcript, 4:11-17. She also stated she had emergency laser surgery in her left eye one week later for "retina tears." *Id.* At times, plaintiffs' counsel made inconsistent representations: for example, she stated she "didn't realize [she] was going to have problems with [her] eyes until May 4th," and thought she "would be able to do the trial in June." *Id.* 5:12-21. But she also stated that her eyes began to "deteriorate" in mid-April and noted that she did not prepare either pretrial motions or motions in limine (despite purportedly finding out only the day before pretrial submissions were due that she could not proceed). *Id.* at 5:14-15, 6:18-7:11. Additionally, Ms. Morten claimed that that defendants' counsel "was very much aware as late as April 26" about her vision issues based on representations she made in other cases—a bizarre argument, given that she claims she only found out she could not proceed eight days later. *Id.* at 12:10-20. Ms. Morten did not provide any documentation to support her claims at the hearing. After listening to counsels' argument, the Court vacated the May 23 trial date and took defendants' motion under advisement. *See* 5/13/2022 Min. Entry.

When plaintiffs did not make any additional representations about potentially rescheduling the trial, this Court ordered plaintiffs to show cause why the case should not be dismissed for failure prosecute. ECF No. 90. Plaintiffs, in response, reiterated that Ms. Morton's eye surgeries should excuse the delay. ECF No. 91. Ms. Morton also attempted emailed this Court a doctor's note via email that she apparently intended the court to view *in camera* and *ex parte*. The Court, seeing no basis for an *in camera* submission that opposing counsel could not access, issued a minute order ordering Ms. Morton to file the submission under seal with a copy to opposing counsel. *See* 6/24/2022 Min. Order. Ms. Morton filed nothing further. Absolutely *no* medical evidence has been submitted on the docket regarding the extent of her vision difficulties or why

4

she was able to file extensive briefs in other cases during the same period filings were due in this case.

## II.   LEGAL STANDARD

A federal court has inherent authority to dismiss a lawsuit if a party fails to comply with a court order. *Hillman*, 2020 WL 5763580, at \*4 (citing *Butera v. District of Columbia*, 235 F.3d 637, 661 (D.C. Cir. 2001)). Federal Rule of Procedure 16(f) grants a court the additional authority to dismiss a lawsuit for failure to comply with a scheduling or pretrial order. *See* Fed. R. Civ. P. 16(f). But when considering a dismissal under either of these authorities, a court should consider lesser sanctions before jumping to dismissal. *Webb v. District of Columbia*, 146 F.3d 964, 972 (D.C. Cir. 1998). Dismissal is appropriate only when other sanctions would be ineffective. *Id.*

As guidance for the lower courts, the D.C. Circuit has identified three (nonexhaustive) situations warranting dismissal as a sanction. *Id.* at 971. First, dismissal is warranted if the plaintiff's actions prejudiced the defendant to the extent that it would be unfair to require the defendant to proceed with the case. *Id.* Second, dismissal is warranted if the plaintiff's misconduct has placed a severe burden on the judicial system that cannot be remedied by lesser sanctions. *Id.* And third, dismissal is warranted if a court needs to sanction and deter misconduct by an attorney or party that disrespects the court. *Id.* For a dismissal, a litigant's misconduct must also be accompanied by "willfulness, bad faith, or fault." *Washington Metro. Area Transit Comm'n v. Reliable Limousine Serv.*, LLC, 776 F.3d 1, 4 (D.C. Cir. 2015).

## III.   DISCUSSION

Defendants argue that dismissal is warranted under all three justifications the D.C. Circuit identified in *Webb*. Defs.' Mot. 5–6. This Court agrees that dismissal is warranted under the first and third justifications: plaintiffs' actions have so prejudiced defendants that it would be unfair to

require defendants to proceed with the case, and counsel's conduct was so disrespectful to the Court that dismissal is necessary to deter similar misconduct in the future.

### A. Prejudice to Defendants

Defendants have been so prejudiced by plaintiffs' misconduct that it would be unfair to require them to proceed further in the case. *Webb*, 146 F.3d at 971. In addition to plaintiffs' previous discovery misconduct, which this Court was forced to sanction multiple times, plaintiffs failed to comply with this Court's pretrial scheduling order and put defendants at an extreme disadvantage. Tellingly, plaintiffs waited until the eve of trial—just minutes *after* defendants had filed their pretrial statement, which detailed their trial plan—to move to continue the trial.

Defendants explained in their motion how this conduct prejudices them: because plaintiffs informed the Court of their "refusal to comply with pretrial proceedings only *after* [they] had secured pretrial submissions" from defendants, they now can "luxuriate in six months of unfettered leisure to prepare a case using [d]efendants' pretrial submissions as a roadmap to their presentation at trial." Defs.' Mot. 7. The Court is particularly troubled by plaintiffs' decision not to file a motion for continuance until after securing defendants' pretrial submissions. While plaintiffs represent that Ms. Morton only discovered additional eye surgeries were necessary on May 4, 2022, *see* ECF No. 82, evidence on the record contradicts this representation. Ms. Morton emailed defense counsel on May 2, 2022 letting them know that she learned "in *April*" that she would have to undergo more eye surgeries. ECF No. 81-1 at 1. It was in this email that she first informed opposing counsel she may move to continue. *Id.* But Ms. Morton did not inform this Court until after the close of business on May 5, 2022. An extremely generous reading is that it took Ms. Morton at least three days to draft her two-page motion. A less generous reading is that Ms. Morton knew defendants would comply with the pretrial scheduling order, as required, and purposefully waited

6

until after they did so to file her motion. This Court finds this misrepresentation indicates at least willfulness, if not bad faith.

The D.C. Circuit has previously explained how a failure to file an adequate pretrial statement prejudices opposing parties. In *Klayman v. Judicial Watch, Inc.*, the Circuit explained that a pretrial statement "avoids trial by ambush." 6 F.4th 1301, 1313 (D.C. Cir. 2021). A deficient pretrial statement thus prejudices opposing parties because it "fails to narrow the issues for trial" and deprives the opposing party "of the notice of disputes for trial that a pretrial statement is meant to afford." *Klayman*, 6 F.4th at 1314. In *Klayman*, the Circuit approved of the sanction of striking defective parts of a plaintiffs' pretrial statement, even though that "prohibited [the plaintiff] from presenting any evidence at trial." *Id.* Plaintiffs' pretrial statement here was not merely deficient—it was nonexistent. This prejudices the defendants.

But there is another aspect to plaintiffs' failure to comply with the pretrial order. Not only have plaintiffs robbed defendants of notice of the potential disputes during trial; they have secured a list of the witnesses defendants plan to bring, the evidence defendants will introduce, and the defense defendants will rely on. Now, with an inside look at defendants' trial plans, plaintiffs request months of delay during which they can craft a carefully targeted response. To condone such actions would give plaintiffs an unfair disadvantage. There is no alternative remedy beyond dismissal that would cure the disadvantages caused by plaintiffs' actions. Defendants have been set up for the very "trial by ambush" a pretrial statement is designed to avoid. *Id.* at 1313. They have filed their pretrial submissions; they cannot unring that bell. These actions severely prejudice the defendants.

7

### B. Deterring Future Misconduct

Additionally, Ms. Morton's conduct was so disrespectful to the Court that dismissal is necessary to deter similar misconduct in the future. This is not Ms. Morton's first time disrespecting the Court. She has willfully ignored sanctions orders, as explained in Part I, *supra*, and this Court has held that her disrespectful actions warranted dismissal once before. *Hillman*, 2020 WL 5763580, at \*4. In that instance, the Court chose to give plaintiffs one more chance. It will not do so again.

To start, evidence on the record indicates that plaintiffs' counsel was aware of potential eye problems as early as February 21, 2022, when she had her first surgery. For example, plaintiffs cite eight cases in which courts have granted her requests for continuances based on her medical issues. Pls.' Opp'n 2–5 (citing cases). None of these continuances were for trial dates. *Id.* But more importantly, these continuances (based on Ms. Morton's recovery from her initial eye surgery in February 2022) indicate that Ms. Morton has known for *months* about potential eye issues that could delay trial. Despite this, she only informed this Court of her unilateral rescheduling mere weeks before trial, on the day when pretrial statements were due.

Nor can plaintiffs' counsel claim that she thought she would be able to proceed to trial up until May 4, 2022, at which point she immediately informed the Court she could not. Pls.' Opp'n 5. As discussed above, she had already informed defendants' counsel *two days earlier*, on May 2, 2022, that she had learned she needed additional surgery and she would be moving to continue trial. ECF No. 81-1 at 1. Ms. Morton's story about when she realized she would "need" to continue trial simply does not add up.

And this Court has reason to doubt plaintiffs' representations about their trial readiness. While plaintiffs' counsel blames her failure to comply with this Court's order on a medical

8

emergency, she has continued to file in other cases. One example: just one day after representing to this Court that her eye issues prevented her from filing a pretrial statement or complying with pretrial orders, plaintiffs' counsel filed a ten-page motion to dismiss in another case in District of Columbia Superior Court. *See* ECF No. 88-1 at 86. Similarly, two days after swearing—under oath—in front of this Court that she "can't visually prepare" for trial, Transcript, ECF No. 87 12:8–9, she filed a seven-page motion in another case, *Hudson v. American Federation of Government Employees*. ECF No. 28, No. 22-cv-289 (JEB) (May 18, 2022). And, of course, she has continued to file in this case. These filings, in combination with the fact that there is no evidence on the record to support her claims of a medical emergency, raise submission.[1]

Plaintiffs' counsel engaged in additional disrespectful conduct by filing a dilatory motion after missing the pretrial deadline. In her motion, she requests sanctions against AFGE for refusing to "engage in good faith mediation." ECF No. 86 at 9. This motion, brought only after she repeatedly missed court-ordered deadlines, is frivolous for three reasons. First, plaintiffs' counsel cites no authority to support her request for sanctions based on a failure to mediate. Second, she concedes AFGE *had* tentatively scheduled a time to participate in mediation. ECF No. 86 at 9. Third, her motion for mediation sanctions likely violates Local Civil Rule 84.9, which prohibits "all counsel . . . from disclosing any written or oral communications made *in connection with* or during any mediation session." LCvR 84.9(a)(1). Disputes and complaints regarding mediation shall "not be heard by the assigned judge." LCvR 84.9(a)(2). This insincere "Hail Mary" motion appears to be nothing more than a tactic to delay trial.

---

[1] While plaintiffs' counsel attempted to email this Court documentation, she has not provided any documentation on the record, even under seal, despite this Court's order. *See* 6/24/2022 Min. Order. This Court will not engage with Ms. Morten *ex parte*, given her repeated misconduct in this case.

Plaintiffs' counsel's conflicting statements and actions, taken together, indicate that plaintiffs' counsel willfully disrespected this Court, ignored its scheduling orders, and filed a frivolous motion to attempt to delay trial. And this is a trend for plaintiffs' counsel—she has continuously treated "the Court's deadline[s] as a mere suggestion." *Hillman*, 2020 WL 5763580, at \*4. The Court cannot condone or approve of her repeated non-compliance with its orders.

## C. Lesser Sanctions Would Not Remedy This Misconduct

Alternative lesser sanctions are not appropriate here. *See Webb*, 146 F.3d at 971 (holding that a court must explain its reason for issuing default judgment). Plaintiffs have repeatedly bucked this Court's award of monetary sanctions—it took *four rounds* of motions to secure monetary sanctions after plaintiffs failed to comply with discovery, and their counsel's misconduct still continues. A plaintiff's "inability or unwillingness to pay a monetary sanction clearly renders it ineffectual." *Young v. Off. of U.S. Senate Sergeant at Arms*, 217 F.R.D. 61, 70 (D.D.C. 2003) (citing *Derzack v. County of Allegheny*, 173 F.R.D. 400, 416 (W.D. Pa. 1996)). Protective orders similarly are not appropriate here, because discovery is closed.

While some courts consider issue-related sanctions, like "adverse evidentiary rulings and preclusion of specific claims," *id.*, before dismissing a case, such sanctions would not help here. The main issue prejudicing defendants is not potential evidence plaintiffs seek to introduce, but how they were able to procure defendants' trial plan without reciprocity. With a delayed trial date, plaintiffs would have months to scour defendants' trial plan and pick holes. Consider *Klayman*, another case where plaintiff filed a deficient pretrial statement. *Klayman*, 6 F.4th at 1313. In that case, the Court sanctioned plaintiff by preventing him from introducing any evidence other than his own testimony. *Id.* However, plaintiff was still able to testify, to cross-examine the opposing parties' witnesses, and to use documents introduced by defendants. *Id.* at 1309. If the Court were

10

to apply the same sanction here as in *Klayman*, limiting plaintiffs only to their own testimony, cross-examination and defendants' evidence, their misconduct would still give them a leg up. This Court will not give plaintiffs months to peruse defendants' pretrial submissions.

"It is not lost on the Court that plaintiffs' suit [will] be dismissed due to their counsel's carelessness." *Hillman*, 2020 WL 5763580, at *5. While this may be unfair to plaintiffs, it does "not make dismissal unjust." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)). The Court previously encouraged Ms. Morten to "consider the effect her actions have on her clients." *Hillman*, 2020 WL 5763580, at *5.

### D.  Attorneys' Fees

Finally, Rule 16(f) requires that a court "must order the party, *its attorney*, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance" with this Court's pretrial scheduling order. Fed. R. Civ. P. 16(f)(2) (emphasis added). Because the fault here falls squarely on plaintiffs' counsel and not plaintiffs, the Court will **ORDER** plaintiffs' counsel to pay defendants' reasonable expenses of attorneys' fees and costs incurred because of her noncompliance with the Court's pretrial scheduling order.

### IV.   CONCLUSION

Because dismissal is warranted here and there are no appropriate lesser sanctions, this Court will **GRANT** defendants' motion to dismiss. A separate order consistent with this memorandum opinion will issue this date.

Date: July 19, 2022

_Royce C. Lamberth_
Royce C. Lamberth
United States District Judge